# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| WOOD CREEK CAPITAL MANAGEMENT, LLC, CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC. STUART BENJAMIN and MATTHEW BENJAMIN | ) ) ) ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND (collectively "Plaintiffs"), for their Complaint against Defendants, WOOD CREEK CAPITAL MANAGEMENT, LLC, CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC., STUART BENJAMIN and MATTHEW BENJAMIN (collectively, "Defendants"), by and through their attorneys Grimes LLC, allege as follows:

## NATURE OF THE ACTION

1.     This is an action for tortious interference with a contract/business expectancy, declaratory judgment and violation of the Connecticut Unfair Trade Practices Act (CUTPA).

## THE PARTIES

2.     Plaintiff Evergreen Media Holdings, LLC ("Evergreen"), is a Texas limited liability company with its principal place of business in Montgomery County, Texas.

3.      Plaintiff Tony DeRosa-Grund ("Mr. DeRosa-Grund") is an individual residing in Montgomery County, Texas.  Mr. DeRosa-Grund is a motion picture producer and the Executive Chairman of Evergreen.

4.      Defendant Wood Creek Capital Management, LLC ("Wood Creek Capital") is a Delaware limited liability company with a business address at 157 Church Street, 20th Floor, New Haven, Connecticut 06510.

5.      Defendant Concord Music Group, Inc. ("Concord") is a Delaware corporation with a business address at 100 N. Crescent Drive, Garden Level, Beverly Hills, California 90210. Upon information and belief, Wood Creek Capital purchased Concord in or about 2013 and is actively involved in all facets of Concord's business.  Indeed, upon information and belief, Wood Creek Capital purchased Concord on behalf of funds which Wood Creek Capital advises and on behalf of an individual investor group that includes members of not only Concord's senior management, but also music industry notables such as Steve Smith and Scott Pascucci.

6.      Defendant Stuart Benjamin Productions, Inc. ("SBP") is a California corporation with a business address at 10451 Valley Spring Lane, Toluca Lake, California 91602.

7.      Defendant Stuart Benjamin is an individual and, upon information and belief, the CEO and/or President of SBP and residing in California.

8.      Defendant Matthew Benjamin is an individual and, upon information and belief, is employed by, an executive of, agent of and/or affiliated with SBP and residing in California.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds

$75,000. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 2201, *et seq*. (declaratory judgment act) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

10.    Personal jurisdiction over the non-resident Defendants, namely, Concord, SBP, Stuart Benjamin and Matthew Benjamin, is proper because, *inter alia*, this lawsuit: (i) arises from acts and/or transactions occurring within and/or directed towards Connecticut; (ii) is connected with acts and/or transactions occurring within and/or directed towards Connecticut; and/or (iii) relates to the purposeful acts and/or transactions of the non-resident Defendants, and those purposeful acts occurred within and/or were directed towards Connecticut. The assumption of jurisdiction by this Court of the Defendants does not offend traditional notions of fair play and substantial justice.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the acts complained of herein occurred in this jurisdiction.

## FACTS COMMON TO ALL COUNTS

12.    This action concerns the right to use and exploit the publishing rights in relation to legitimate stage productions (e.g., a Broadway stage production) with regards to certain iconic songs written by artists signed to the legendary Stax Records label ("Stax Records").

13.    Upon information and belief, Concord holds the exclusive rights to the physical masters of certain Stax Records sound recordings.

14.    However, it is Rondor Music International, Inc. (a Universal Music Group company) ("Rondor") that holds the exclusive publishing rights to the vast majority, e.g., approximately ninety-nine percent (99%), of Stax Records' catalog of iconic songs written by

artists signed to Stax Records, including, but not limited to, Otis Redding and Isaac Hayes (collectively, the "Compositions").

15.     Accordingly, Rondor -- and not Concord -- has the exclusive rights to license the publishing rights to said Compositions to third-parties and to otherwise use or exploit the Compositions for, among other things, legitimate stage productions (e.g., a Broadway musical production).  In order for a legitimate stage musical to be produced using the Compositions, it requires, in any and all circumstances, the grant of the publishing rights for the Compositions. Rondor controls said publishing rights and at no time did Rondor grant those publishing rights to Defendants.

16.     In or about June 17, 2014, Rondor entered into an agreement with Plaintiffs whereby Plaintiffs were granted exclusive rights to use the Compositions in connection with a theatrical motion picture and a stage musical based on the aforementioned theatrical motion picture (the "Rondor-Evergreen Agreement").

17.     Prior to entering into the Rondor-Evergreen Agreement with Plaintiffs, Rondor and Defendants discussed a potential agreement involving the use of the Compositions in a stage musical.  During those discussions, Defendants indicated to Rondor that Concord was going to issue a public statement/press release announcing the fact that Defendants, in cooperation with Rondor and based on Rondor's rights, would be bringing the Compositions to Broadway, i.e., in a stage musical, even though an agreement had not yet been reached between Defendants and Rondor. Rondor admonished Defendants not to issue any such public statement/press release.

18.     Defendants and Rondor never reached an agreement and, instead, Rondor entered into the Rondor-Evergreen Agreement with Plaintiffs.  Rondor directly informed Defendants,

and/or, at least Concord and Concord's counsel, that Rondor was entering into the Rondor-Evergreen Agreement.  Thus, at all times relevant hereto, Defendants have been explicitly aware of the Rondor-Evergreen Agreement and the fact that Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the aforementioned theatrical motion picture and that Defendants do not have any such rights.

19.     Notwithstanding the fact that Defendants knew that Rondor had entered into the Rondor-Evergreen Agreement with Plaintiffs and that Defendants had no right to produce a stage musical incorporating the Compositions, as Rondor has vested those publishing rights with Evergreen, on or about July 19, 2014, Defendants issued, and/or caused to be issued, a public statement/press release announcing, in relevant part, that:

> [Concord] and Academy Award-nominated and GRAMMY Award-winning producer Stuart Benjamin have begun development of a musical production based on the dramatic story of iconic soul music label Stax Records.  The Book will be written by Matthew Benjamin with a Spring 2016 Broadway premiere target.

A true and correct copy of one of Defendants' public statements/press releases incorporating the above-referenced quote is attached hereto as **Exhibit A**.  In another iteration of the public statement/press release, Defendants announced, in relevant part, that:

> [Concord] and producer Stuart Benjamin are reviving the impressive Stax Records catalog with a Broadway musical based on the story of the iconic soul music label.

A true and correct copy of one of Defendants' public statements/press releases incorporating the above-referenced quote is attached hereto as **Exhibit B**.

-5-

20.     Concord's public statements and/or press releases were widely picked-up by and distributed through mainstream and local media and press outlets, including in such publications as *The Hollywood Reporter*, *Broadway.com* and the *Los Angeles Times*.

21.     Defendants have no right to use the Compositions in connection with a stage musical production as such rights belong solely and exclusively to Plaintiffs pursuant to the Rondor-Evergreen Agreement.  In an attempt to set the record straight and to mitigate damages caused by the improper public statements of Defendants, Rondor provided Plaintiffs with a statement for dissemination which confirms the allegations made herein by Plaintiffs.  A true and correct copy of this statement is attached hereto as **Exhibit C**.

22.     Defendants' acts have been willful insofar as Defendants were aware of the Rondor-Evergreen Agreement and the fact that, pursuant to the Rondor-Evergreen Agreement, Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

23.     As a result of Defendants' actions, e.g., issuing the public statements/press releases and creating or producing a stage musical based on rights that do not belong to Defendants, but rather, to Plaintiffs, Plaintiffs are being damaged.  Indeed, as an example, Defendants' actions have scared away financial investors and made it virtually impossible for Plaintiffs to pursue the fruits of the Rondor-Evergreen Agreement.

24.     Moreover, Defendants' actions have caused so much confusion among the general public and in the entertainment industry that a "cloud" has been cast on the chain of title to the Compositions and upon Plaintiffs' rights thereto which has injured Plaintiffs' ability to develop a theatrical motion picture and/or stage musical pursuant to the Rondor-Evergreen Agreement.

25.    As a result of the aforesaid conduct, Plaintiffs have been -- and continue to be -- damaged.

## COUNT I: TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTENCY

26.    Plaintiffs incorporate herein, by reference, the same as if set forth at length verbatim, the factual allegations contained herein above.

27.    At all relevant times, there was a valid, existing contract between Plaintiffs and Rondor, namely, the Rondor-Evergreen Agreement.  Defendants knew of the existence of the Rondor-Evergreen Agreement, as well as the contents, terms and conditions thereof, i.e., the fact that the Rondor-Evergreen Agreement granted to Plaintiffs the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

28.    Among other things, Defendants have interfered with the Rondor-Evergreen Agreement by: (i) engaging in publicly reported steps to create, develop and/or produce a stage musical based on rights that do not belong to Defendants; and (ii) issuing a public statement misrepresenting to the public (and to potential investors, etc.) that Defendants have the right to use the Compositions instead of Plaintiffs.

29.    Defendants have acted improperly, with malice and in conscious and deliberate disregard to the rights and/or interests of Plaintiffs.

30.    As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT II: DECLARATORY JUDGMENT

31.     Plaintiffs incorporate herein, by reference, the same as if set forth at length verbatim, the factual allegations contained hereinabove.

32.     An actual and justiciable controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights in connection with the Compositions. Plaintiffs contend that, pursuant to the Rondor-Evergreen Agreement, Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and a stage musical based on the theatrical motion picture.

33.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that: (i) Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and/or a stage musical based on the theatrical motion picture; and (ii) Defendants have no right to use the Compositions in connection with a stage musical or any other production.

## COUNT III: VIOLATION OF THE
## CONNECTICUT UNFAIR TRADE PRACTICES ACT

34.     Plaintiffs incorporate herein, by reference, the same as if set forth at length verbatim, the factual allegations contained hereinabove.

35.     By engaging in the acts alleged above, Defendants have willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles and established concepts of fairness.

36.     This count encompasses, without limitation, Defendants' attempt to tortiously interfere with the business relationship between Rondor and Evergreen and Defendants' attempt to tortiously interfere with the Rondor-Evergreen Agreement.

37.     Defendants' willful and malicious conduct was and is immoral, unethical, oppressive and unscrupulous.

38.     Defendants' conduct has caused and will continue to cause substantial injury to Plaintiffs and to the public interest.

39.     Defendants committed such acts, and continue to commit such acts, in the conduct of trade or commerce.

40.     Plaintiffs have suffered, and if Defendants are not enjoined will continue to suffer, a loss of money and property as a result of Defendants' actions and/or conduct.

41.     As a result of Defendants' actions and/or conduct, Plaintiffs have been damaged in an amount to be determined at trial.

42.     Defendants' aforementioned actions and/or conduct constitute unfair competition and unfair or deceptive acts or practices in violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes §§ 42-110a, *et seq.*

43.     A copy of this Complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection as required by Conn. Gen. Stat. § 42-110g(c).

WHEREFORE, Plaintiffs, EVERGREEN MEDIA HOLDINGS, LLC and TONY DEROSA-GRUND, respectfully request that the court grant them the following relief against Defendants, WOOD CREEK CAPITAL MANAGEMENT, LLC, CONCORD MUSIC GROUP, INC., STUART BENJAMIN PRODUCTIONS, INC., STUART BENJAMIN and MATTHEW BENJAMIN:

1.     For a preliminary and permanent injunction restraining Defendants, their officers, agents, servants and employees, and all persons in active concert or participation with Defendants or any of the foregoing, from:

(a)     exploiting any publishing rights with regard to the Compositions; and/or

(b)     using the Compositions in connection with a stage musical or any other production; and/or

(c)     interfering with the rights of the Plaintiffs, including, but not limited to, interfering with the Rondor-Evergreen Agreement; and/or

(d)     making public statements and/or press releases concerning the exploitation of the publishing rights with regard to the Compositions, a stage musical or any other production with regard to the Compositions and/or Plaintiffs.

2.     Awarding Plaintiffs their actual damages;

3.     Awarding Plaintiffs damages for Defendants' tortious interference with Plaintiffs' contract with Rondor and/or with Plaintiffs' business expectancy;

4.     Awarding damages pursuant Conn. Gen. Stat. § 42-110a, et. seq.;

5.     Awarding Plaintiffs punitive damages in an amount to be set by the trier of fact;

6.     Entering a declaratory judgment that: (i) Plaintiffs have the exclusive right to use the Compositions in connection with a theatrical motion picture and/or a stage musical based on the theatrical motion picture; and (ii) Defendants have no right to use the Compositions in connection with a stage musical or any other production;

7.     Awarding Plaintiffs the maximum pre-judgment and post-judgment interest as allowed by law;

8.      Awarding Plaintiffs recovery from Defendants of their attorneys' fees and costs as allowed by law, including, but not limited to, as allowed by Conn. Gen. Stat. § 42-110g(d);

9.      Awarding Plaintiffs any other remedy to which they may be entitled to as provided under applicable federal or state law; and

10.     Awarding Plaintiffs such other and further relief as the Court might deem proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial on issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 1, 2014

Respectfully submitted,

By:____/s/ Michael R. Patrick_____
        Charles W. Grimes (ct7233)
        Michael R. Patrick (ct26556)
        GRIMES LLC
        488 Main Avenue
        Norwalk, Connecticut 06851
        Tel: (203) 849-8300
        Fax: (203) 849-9300
        Email: grimes@gandb.com
        Email: patrick@gandb.com

        *Attorneys for Plaintiffs Evergreen Media*
        *Holdings, LLC and Tony DeRosa-Grund*